CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID WHITE,<br><br>              Plaintiff,<br><br>       v.<br><br>NATHAN KWON, individually,<br><br>              Defendant. | CIVIL NO. 22-00159-JMS-RT<br><br>MEMORANDUM OF LAW IN SUPPORT IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………i

I.  INTRODUCTION ..................................................................................1

II.  STATEMENT OF FACTS...................................................................1

III.  STANDARD OF REVIEW..................................................................2

IV.  PLAINTIFF FAILS TO STATE A *BIVENS* CLAIM AGAINST
    DR. KWON ...........................................................................................3

    A.  Plaintiff's Claim Does Not Give Rise to a Damages
        Remedy Under *Bivens* ...........................................................4

        1.  Framework for determining whether a *Bivens* remedy exists ....4

        2.  Plaintiff's claim presents a new context ...................................7

        3.  Special factors counsel against extending *Bivens* to
            Plaintiff's claim..........................................................................9

            i.  The existence of alternative remedies foreclose extension
                of Bivens. ..........................................................................9

            ii.  Expansion of Bivens would raise serious separation-of-
                 power concerns. ............................................................11

    B.  Dr. Kwon is Entitled to Qualified Immunity Because Plaintiff
        Fails to Plausibly Allege a Violation of a Clearly Established
        Constitutional Right. ..........................................................12

V.  CONCLUSION.............................................................................16

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                      <u>Page(s)</u>

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ...............................................................................3

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ........................................................................ 12, 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................... 2, 3, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................... 2, 3, 13

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
   403 U.S. 388 (1971) ..................................................................... *passim*

*Bush v. Lucas*,
   462 U.S. 367 (1983) ...............................................................................6

*Carlson v. Green*,
   446 U.S. 14 (1980) ........................................................................ *passim*

*Corr. Servs. Corp. v. Malesko*,
   534 U.S. 61 (2001) ..............................................................................10

*Cty. of Sacramento v. Lewis*,
   523 U.S. 833 (1998) ............................................................................15

*Davis v. Passman*,
   442 U.S. 228 (1979) ..........................................................................4, 5

*Egbert v. Boule*,
   142 S. Ct. 1793 (2022)................................................................. *passim*

*Estelle v. Gamble*,
   429 U.S. 97 (1976) ..............................................................................15

*Farmer v. Brennan*,
   511 U.S. 825 (1994) ............................................................................14

Cases   Page(s)

*Fayer v. Vaughn*,
 649 F.3d 1061 (9th Cir. 2011) ........................................................3

*Hernandez v. Mesa*,
 140 S. Ct. 735 (2020)....................................................................7

*Hirano v. Sand Island Treatment Ctr.*,
 No. CV 20-00473 DKW-WRP, 2021 WL 54504 (D. Haw. Jan. 6, 2021)...........13

*Johnson v. Riverside Healthcare Sys., LP*,
 534 F.3d 1116 (9th Cir. 2008) ........................................................3

*Martinez v. U.S. Bureau of Prisons*,
 5:15cv2160-TJH, 2019 WL 5432052 (C.D. Cal. Aug. 20, 2019)........................8

*Mejia v. Miller*,
 53 F.4th 501 (9th Cir. 2022) ........................................................7

*Moreno v. Hoey*,
 No. 1:19cv2756, 2020 WL 5986214 (D.S.C. Apr. 22, 2020) ..............................9

*Nestlé USA, Inc. v. Doe*,
 141 S. Ct. 1931 (2021)....................................................................9

*Pearson v. Callahan*,
 555 U.S. 223 (2009) ........................................................................12

*Rhodes v. Chapman*,
 452 U.S. 337 (1981) ........................................................................14

*Schweiker v. Chilicky*,
 487 U.S. 412 (1988) ........................................................................10

*Washington v. Fed. Bureau of Prisons*,
 No. CV 5:16-3913-BHH, 2022 WL 3701577 (D.S.C. Aug. 26, 2022)...........8, 12

*White v. Pauly*,
 580 U.S. 73 (2017) ........................................................................13

*Wilkie v. Robbins*,
 551 U.S. 537 (2007) ........................................................................5, 10

<u>Cases</u>                                                                                    <u>Page(s)</u>

*Williams v. Paramo*,
   775 F.3d 1182 (9th Cir. 2015) ................................................................12

*Zavala v. Rios*,
   721 F. App'x 720 (9th Cir. 2018) ..........................................................11

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ............................................................... *passim*

<u>Statutes</u>

18 U.S.C. § 3626 ....................................................................................11

28 U.S.C. § 1346 ....................................................................................11

42 U.S.C. § 1997e(a) ...............................................................................3

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6) .......................................................................2, 3

<u>Regulations</u>

28 C.F.R. § 542.10(a) .............................................................................10

28 C.F.R. § 542.15(a) .............................................................................10

28 C.F.R. § 542.16(a) .............................................................................10

28 C.F.R. § 542.18 .................................................................................10

28 C.F.R. § 543.30, *et seq.* ..................................................................11

## I.     INTRODUCTION

Plaintiff David White ("Plaintiff") alleges that, in July 2021, Bureau of Prisons ("BOP") employee, Dr. Nathan Kwon, Clinical Director, assigned to the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"), authorized Plaintiff to receive a continuous positive airway pressure ("CPAP") machine for treatment of Plaintiff's sleep apnea.  Plaintiff alleges that the package containing his CPAP machine was "refused" upon its arrival at FDC Honolulu.  Based on the above, Plaintiff alleges that Dr. Kwon deprived him of adequate medical care in violation of the Eighth Amendment.

Plaintiff's claim against Dr. Kwon must be dismissed.  ***First***, the alleged constitutional tort claim presents a new context, which is not cognizable under the standard for recognizing *Bivens* claims, set forth in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) and *Egbert v. Boule*, 142 S. Ct. 1793 (2022).  ***Second***, qualified immunity shields Dr. Kwon from personal liability.  Plaintiff's claim against Dr. Kwon should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

Plaintiff alleges that he sought approval for a CPAP machine to treat his sleep apnea while incarcerated at FDC Honolulu.  (ECF No. 5 at Page ID.41-42). According to Plaintiff, Dr. Kwon approved Plaintiff's request for use of a CPAP

machine, contacted the captain[1] and confirmed that Plaintiff could receive it, and then counseled Plaintiff on how to maintain the machine and receive supplies. (ECF No. 6 at PageID.49).  Upon its arrival at FDC, the device was "refused." (ECF No. 5 at Page ID.41-42).  Plaintiff jumps to the conclusion that Dr. Kwon must have rescinded the authorization, but provides no factual support for such a conclusion.  (*Id.* at PageID.42).  Plaintiff seeks $7,500 in damages.  (*Id.* at PageID.45).

## III.    STANDARD OF REVIEW

Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) is proper when the complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (brackets added; citation omitted).  While the complaint need not set out detailed factual allegations,  it must provide sufficient factual amplification "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  "A pleading that offers 'labels and

---

[1] The captain is responsible for safety and security-related issues.

2

conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).  While the complaint must be construed in the light most favorable to the non-moving party, the Court need not accept as true "conclusory allegations of law and unwarranted inferences."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

## IV.   PLAINTIFF FAILS TO STATE A *BIVENS* CLAIM AGAINST DR. KWON[2]

Plaintiff attempts to bring a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) – a court-created cause of action, which permits a personal damages suit under limited circumstances for certain constitutional violations.  Plaintiff's claim, however, does not fall within

---

[2] Although not addressed herein, Dr. Kwon reserves the right to raise the defense of failure to exhaust, as required under the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies).

the narrow scope of *Bivens* claims previously recognized by the Supreme Court and special factors counsel hesitation before engaging in the "disfavored judicial activity" of expanding *Bivens* to a new context.  Further, even if the Court were inclined to create a damages remedy, Plaintiff's claim against Dr. Kwon is barred by qualified immunity.

### A.    Plaintiff's Claim Does Not Give Rise to a Damages Remedy Under *Bivens*

### 1.    Framework for determining whether a *Bivens* remedy exists

The Supreme Court has implied a damages action arising directly under the Constitution on only three occasions — and not a single time in the past four decades.  In *Bivens*, the Supreme Court recognized a Fourth Amendment claim against federal law enforcement agents where a plaintiff was subjected to a warrantless arrest and search in his home, during which agents handcuffed him in front of his wife and children, "searched the apartment from stem to stern," and threatened to arrest the entire family.  *Bivens*, 403 U.S. at 389.  Subsequently, the Supreme Court extended *Bivens* to a Fifth Amendment sex discrimination claim against a congressman for firing his female secretary,  *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim against prison officials for their failure to treat an inmate's life-threatening asthma, which resulted in his death, *Carlson v. Green*, 446 U.S. 14 (1980).

In *Abbasi,* the Supreme Court set forth a two-step framework for determining whether an implied constitutional remedy exists.  *First*, courts must determine if the case presents a new context that differs "in a meaningful way from [the three] previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859.

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860.

*Second*, if a case differs meaningfully from *Bivens*, *Davis*, or *Carlson*, then courts *must* consider whether any special factors counsel hesitation in expanding *Bivens* to the plaintiff's claims.  *Id.* at 1857.  This entails consideration of "any alternative, existing process for protecting the [relevant] interest [which] amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages" as well as any additional "special factors counselling hesitation before authorizing a new kind of federal litigation." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).

In *Abbasi*, the Supreme Court unequivocally held that any expansion of the *Bivens* remedy is now a "'disfavored' judicial activity." 137 S. Ct. at 1857 (citation omitted). Instead, it should most often be left to Congress – not the courts – to determine whether a damages action should be permitted to proceed. *Id.* at 1858 (recognizing that it is "not necessarily a judicial function to establish whole categories of cases in which federal officers must defend against personal liability claims in the complex sphere of litigation, with all of its burdens on some and benefits to others").

Most recently, in *Egbert*, the Supreme Court took a narrow view of the contexts in which *Bivens* claims have been recognized and emphasized that separation-of-powers principles counsel against the extension of *Bivens* to any new contexts not previously recognized by the Supreme Court. The *Bivens* remedy cannot be extended when "there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1805 (quoting *Abbasi,* 137 S. Ct. at 1858). It is irrelevant whether the wrong "would otherwise go unredressed" absent a *Bivens* remedy, or that "existing remedies do not provide complete relief." *Id.* at 1804, (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). Instead, in any *Bivens* case, the "most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" *Id.* at 1803 (internal quotations

omitted).  If there is "a rational reason to think that" Congress is best equipped to decide—"as it will be in most every case—no *Bivens* action may lie." *Id.* (citation omitted).

### 2.    Plaintiff's claim presents a new context

Although *Carlson* recognized a *Bivens* remedy for deliberate indifference to medical needs of prisoner, Plaintiff's claim differs in a "meaningful way." *Abbasi*, 137 S. Ct. at 1859-60.  The Court's understanding of a new context is "broad," *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020), and the analysis is "easily satisfied" even for claims that have "significant parallels" to one of the three previously recognized *Bivens* contexts, *Abbasi*, 137 S. Ct. at 1865.  In *Egbert*, for example, the Supreme Court held that a Fourth Amendment claim presented a new context from *Bivens*, even though *Bivens* also concerned a federal law enforcement agent's alleged use of excessive force on the plaintiff's own property.  142 S. Ct. 1793.  The Supreme Court held that "similar allegations of excessive force," "almost parallel circumstances," or a "similar 'mechanism of injury'" "are not enough to support the judicial creation of a cause of action." *Mejia v. Miller*, 53 F.4th 501, 505 (9th Cir. 2022) (quoting *Egbert*, 142 S. Ct. at 1805).

In *Carlson*, the plaintiff was the estate of an inmate who died after prison officials "kept him in [an inadequate] facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an

asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and delayed for too long a time his transfer to an outside hospital." *Carlson*, 446 U.S. at 16, n.1.

Plaintiff here does not allege a specific incident of fatal incompetence during a medical emergency similar to the context of *Carlson*. To the contrary, Plaintiff's claim relates to a long-term and ongoing course of medical treatment of a chronic, non-fatal condition, which could be redressed through alternative remedial processes. Moreover, Plaintiff fails to allege *any* failure of medical care by the sole defendant, Dr. Kwon. Dr. Kwon authorized Plaintiff's receipt of a CPAP machine in July 2021, and there are no factual allegations regarding any conduct by Dr. Kwon that prevented Plaintiff's receipt of the device. (ECF No. 6 at PageID.49).

Thus, Plaintiff's claims are meaningfully different from the claim recognized in *Carlson* and present a new context. *See*, *e.g., Washington v. Fed. Bureau of Prisons*, No. CV 5:16-3913-BHH, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022) (new context for claims relating to long-term and ongoing course of medical treatment of a chronic, non-fatal condition); *Martinez v. U.S. Bureau of Prisons*, 5:15cv2160-TJH, 2019 WL 5432052, at *8-9 (C.D. Cal. Aug. 20, 2019) (failure to treat hypertension was "demonstrably different in kind and severity"

8

from *Carlson*); *Moreno v. Hoey*, C/A No. 1:19cv2756-DCC-SVH, 2020 WL 5986214, at *1 (D.S.C. Apr. 22, 2020) (observing that alleged deliberate indifference to "sleep apnea, back pain, prostate issues, and a lump on [the plaintiff's] testicle" may present different context from *Carlson*, but dismissing on other grounds).

### 3.   Special factors counsel against extending *Bivens* to Plaintiff's claim

So long as there is "[e]ven a single sound reason [for a court] to defer to Congress" rather than create an implied damages remedy, it must do so.  *Egbert*, 142 S. Ct. at 1803 (quoting *Nestlé USA, Inc. v. Doe*, 141 S. Ct. 1931, 1937 (2021)). A "special factor" indicates that Congress is better suited than the Judiciary to "weigh the costs and benefits" of creating a new damages remedy.  *Id.*  (quoting *Abbasi*, 137 S. Ct. at 1858).  The special factors inquiry is broad-ranging and simply asks "whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* at 1805 (emphasis in original) (quoting *Abbasi*, 137 S. Ct. at 1858).

Here, there are several rational reasons to defer to Congress.

> i.   *The existence of alternative remedies foreclose extension of Bivens.*

In *Egbert*, the Supreme Court stressed that a court may not create a *Bivens* remedy if Congress has already provided an alternative remedy for aggrieved

parties. *Egbert*, 142 S. Ct. at 1806.  Alternative remedial structures include judicial and administrative remedies and need not include monetary relief.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001).  In fact, the "remedy" need not be a cause of action at all, let alone a cause of action for damages; it may just be a "process," *Wilkie*, 551 U.S. at 553, or a "safeguard[]."  *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988).

Here, Plaintiff has multiple alternative processes to remedy the alleged wrong – inadequate medical care through the apparent rejection of his CPAP machine, which was authorized by Dr. Kwon.  The BOP's Administrative Remedy Program ("ARP") affords inmates the opportunity "to seek formal review of an issue relating to *any aspect* of his . . . own confinement."  28 C.F.R. § 542.10(a) (emphasis added).  Under that provision, Plaintiff could have sought the assistance of counsel, § 542.16(a), appealed any adverse findings to the Regional Director, § 542.15(a), and then to the BOP's General Counsel, *id.*  Further, where a situation "threatens the inmate's immediate health or welfare," the warden must respond to a grievance within three days.  28 C.F.R. § 542.18.  The Supreme Court has specifically recognized the ARP as a remedial process that prevents extension of *Bivens.  See Egbert*, 142 S. Ct. at 1806 (citing *Malesko*, 534 U.S. at 74).

In addition to the BOP's ARP, federal inmates in appropriate cases may avail themselves of equitable remedies in federal court (including declaratory and

injunctive relief) for ongoing claims of unconstitutional confinement, as well as damages claims under the Federal Tort Claims Act. *See* 18 U.S.C. § 3626 (providing remedies in civil action with respect to prison conditions); *Abbasi*, 137 S. Ct. at 1865 (alternative remedies include an injunction requiring warden to bring prison into compliance); *Zavala v. Rios*, 721 F. App'x 720, 721 (9th Cir. 2018) (declining to expand *Bivens* to prisoner that may seek injunctive and declaratory relief); *see also* 28 U.S.C. § 1346; 28 C.F.R. § 543.30, *et seq*.

The alternative processes for protecting the right at issue counsels against extending a *Bivens* remedy to Plaintiff's claim.

> ii.   *Expansion of Bivens would raise serious separation-of-power concerns.*

Concern for separation of powers is another factor that weighs against expanding *Bivens* in this case. If there are "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress." *Abbasi*, 137 S. Ct. at 1858. In the context of the day-to-day operation of federal prisons, such "sound reasons" are abundant.

Congress has acted extensively in the federal prison context, but has never authorized a damages action by federal prisoners. Further, the Prison Litigation Reform Act placed a series of limits on prisoner lawsuits and evidences Congress's

serious concerns about the burdens of prisoner litigation.  *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).  Congress has thus had opportunities to authorize Plaintiff's proposed *Bivens* claim when legislating on multiple subjects—including prison medical care and prisoner litigation—but has always declined. *See Washington*, 2022 WL 3701577 at *7 (discussing factors counseling against expansion of *Bivens* to claims for deliberate indifference to medical needs of a prisoner).  Congress's enactment of the PLRA and its related frequent consideration of issues of prison life without creating a damages action for the types of claims alleged by Plaintiff, especially when viewed in connection with alternate remedial processes, prevent the expansion of *Bivens* to Plaintiff's claims.

**B.   Dr. Kwon is Entitled to Qualified Immunity Because Plaintiff Fails to Plausibly Allege a Violation of a Clearly Established Constitutional Right.**

Qualified immunity shields a government official from both liability *and* the burdens of litigation where his conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).  A right is "clearly established" where the contours of the right are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted).  Clearly established law "must be particularized to the facts of the case," as opposed to being defined at a high

12

level of generality.  *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotations omitted).

A government official is *only* liable for his own misconduct.  *Ashcroft v. al-Kidd*, 563 U.S. at 735 (citations omitted); *Iqbal*, 556 U.S. at 675-78.  Therefore, a *Bivens* plaintiff must make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations against the government generally.  *Twombly*, 550 U.S. at 570 .

Here, Plaintiff fails to establish the requisite personal involvement by Dr. Kwon.  There are no factual allegations that Dr. Kwon committed any specific action or inaction that resulted in a constitutional violation.  Rather, Plaintiff alleges that Dr. Kwon authorized the CPAP machine in July 2021.  (ECF No. 5 at PageID.42; ECF No. 6 at PageID.49.)  He then jumps to the unsupported conclusory allegation that Dr. Kwon must be at fault for Plaintiff's failure to receive the CPAP machine.  (ECF No. 5 at PageID.42) ("The Plaintiff has demonstrated that FDC Honolulu rejected the supply of this machine…[a]s authorization rests with Defendant Kwon, the Plaintiff must conclude that authorization was rescinded.").  Such conclusory allegations are insufficient to support a *Bivens* claim.  *See Hirano v. Sand Island Treatment Ctr.*, No. CV 20-00473 DKW-WRP, 2021 WL 54504, at *7 (D. Haw. Jan. 6, 2021) (dismissing

13

claim where complaint did not plausibly allege personal involvement in any unconstitutional conduct).

Moreover, Plaintiff has not alleged that Dr. Kwon committed an Eighth Amendment violation that was "clearly established."  To state an Eighth Amendment claim, a plaintiff must meet two requirements.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Objectively, he must show that a prison official's acts or omissions deprived him of "'the minimal civilized measure of life's necessities.'"  *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Subjectively, he must show that the defendant's state of mind was deliberately indifferent.  *Id.*

Here, even if Plaintiff's statements are taken as true, both tests fail.  Objectively, Plaintiff does not, and cannot show, that Dr. Kwon took any actions that deprived him of life's necessities.  Even if a CPAP machine is considered a necessity, Dr. Kwon provided Plaintiff with authorization for a CPAP machine and took no action preventing Plaintiff's receipt of such a machine.  (ECF No. 5 at PageID.42.)  Notably, Plaintiff does not allege that he complied with the procedures for receiving personal packages, which require a completed Form BP-A0331, or took any action following the "refusal" of the package containing his CPAP machine.  *See* Bureau of Prisons Program Statement 5800.16 (Mail Management Manual), available at

14

https://www.bop.gov/policy/progstat/5800_016.pdf (last visited on January 10, 2023).

Moreover, Plaintiff fails to allege any facts showing that Dr. Kwon acted with subjective, deliberate indifference.  To the contrary, Plaintiff alleges that Dr. Kwon approved of the CPAP machine's use and delivery.  (ECF No. 5 at PageID.42).  The failure to deliver the device cannot be attributed to Dr. Kwon, and there is no indication that Dr. Kwon was aware that the device has been rejected or took steps to prevent Plaintiff's receipt of the CPAP machine.  Further, there is no allegation that the failure to deliver the machine rises to the level of a constitutional violation.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (only deliberate indifference to serious medical needs, and not negligence such as the mere failure to provide medical care, implicates Eighth Amendment prohibition against cruel and unusual punishment); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").  Here, although Plaintiff alleges that Dr. Kwon is somehow responsible for the rejection of his approved CPAP machine, any such negligence, in addition to being unsupported by any factual allegations, falls short of deliberate indifference.

## V.    CONCLUSION

For the reasons stated above, Dr. Kwon respectfully request the Court

dismiss this action with prejudice.

DATED: January 13, 2023 at Honolulu, Hawaii.

CLARE E. CONNORS
United States Attorney
District of Hawaii

/s/ Sydney Spector
By_____
SYDNEY SPECTOR
Assistant U.S. Attorney

Attorneys for Defendant
NATHAN KWON

16